WILLIAM GULICK, appellant.

*and*

MARY F. GULICK, respondent.

When two persons employ an attorney in the same business, communications made by them in pursuance of such common retainer are not privileged *inter sese.*

On appeal from a decree of the chancellor, whose opinion is reported in *Gulick* v. *Gulick, 11 Stew. Eq. 402.*

*Mr. G. O. Vanderbilt* and *Mr. J. H. Stewart,* for appellant.

*Mr. J. F. Hageman,* for respondent.

The opinion of the court was delivered by

BEASLEY, C. J.

In the trial of a case on reference before Vice-Chancellor Bird, an attorney-at-law was offered as a witness in behalf of the respondent, to prove certain statements which had been made to him by the appellant. A motion was made at the hearing to exclude such testimony on the ground that the statements in question were made as part of a privileged communication from a client to his counsel. This contention prevailed, but, on an appeal to him, the chancellor took a different view, holding the testimony admissible for the reason that, in the transaction to which the statement which was offered to be proved related, the attorney in that business was acting professionally for both appellant and respondent, and that, as a consequence, what either of such parties stated was not private nor privileged *inter sese.* The evidence fully sustains the conclusion that this was the attitude of the attorney towards these litigants in the matter referred to, and, such being the situation, the law reasonably declares that the attorney being the adviser of both parties cannot be regarded as the depositary of confidential communications from the one side or the other. I have never supposed that the rule of law

·on this subject was in any degree uncertain; it is to be found in any of the text-books. Thus, Mr. Wharton says, vol. 1 § 587: " It is easy to conceive of cases in which two or more persons ·address a lawyer as their common agent. So far as concerns a ·stranger, their communication to the lawyer would be privileged. It is otherwise, however, as to themselves; as they stand on the same footing as to the lawyer, either could compel him to testify ·against the other as to their negotiations."

The only difficulty in the case was to establish the *status* of the ·attorney as the common counsel of these parties; the case is not very conclusive with respect to all the communications in ques-·tion, and this was probably the point of difficulty before the vice-chancellor; but that question being settled, the pertinent rule of law is not in doubt.

Let the order appealed from be affirmed.

It is proper to add that it is not to be inferred, from the forego-ing decision, that the question whether an order of the character ·of the one brought up for review in this case is appealable, has ·been considered by this court. The point was not raised, and is ·not adjudged.

<div align="right">

*Decree unanimously affirmed.*