FRED S. THOMPSON, Appellant from Decree of Judge of Probate.

In Re Estate of HENRIETTA T. NICKELS.

Waldo.   Opinion January 3, 1916.

*Appeal.    Copy.    Exceptions.    Jurisdiction.    Last Will.    R. S. Chap. 76,*
*Sect. 1.    Revocation.    Will.    Witness.*

1. The probate court has jurisdiction to admit a lost or destroyed will to probate, when proved by copy, upon proof of the continued existence of such will unrevoked up to the time of the testator's death.

2. The expression "continued existence of the will" in R. S. Chap. 66, Sect. 9, which gives probate courts jurisdiction to admit a lost or destroyed will to probate upon proof of the continued existence of such will unrevoked up to the time of the testator's death, does not mean the continued physical existence of the will.

3. The destruction of a will by the testator is presumed to have been done with the intention of revocation. ,

4. When it appears that a will was destroyed by the testator under the mistaken belief that another valid will had been executed, the revocation is not necessarily absolute, but may be deemed to have been made on condition that the later will was a valid one.  And in such case the former will may be considered as continuing in existence unrevoked.

5. Appeals in probate proceedings can be sustained only when the appellant is aggrieved.

6. A petitioner for the probate of a will cannot be said in law to be aggrieved by a decree granting his petition and admitting the will to probate, though his attitude to the proceedings may have changed.

On exceptions by respondent.   Exceptions overruled.   Decree of probate court affirmed.

This is an appeal to the Supreme Court of Probate from decree of probate court of Waldo county, whereby the will of Henrietta T. Nickels of Searsport, dated November 9, 1911, was allowed and admitted to probate.   From this order, the appellant appealed and also had various exceptions to the refusal of court to rule as requested.

The case is stated in the opinion.

*Wm. P. Whitehouse, Henry W. Swasey, and Robert F. Dunton,* for proponents.

*George F. Gould, Aurelia E. Hanson, and Eugene C. Upton,* for appellant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, HALEY, HANSON, PHILBROOK, JJ. MR. JUSTICE HALEY did not concur.

SAVAGE, C. J. Appeal from decree allowing the will of Henrietta T. Nickels. The case comes up on the appellant's exceptions to rulings in the Supreme Court of Probate.

The will in question was executed by Mrs. Nickels in due form on November 9, 1911. Subsequently, in November, 1913, she caused another will to be drafted, which changed in some particulars the 1911 will. This will she signed. But after her death a few months later it was discovered that the 1913 will was attested by only two subscribing witnesses, and was therefore invalid as a will. R. S., Chap. 76, Sect. 1. The 1911 will could not be found, and presumably had been destroyed. But a copy of it had been preserved. And this copy was offered as proof for probate of the will, and is the basis of the present proceedings. The ground upon which the petitioners for the probate of the will have proceeded is that Mrs. Nickels destroyed the 1911 will under the belief that the 1913 will constituted a valid testamentary disposition of her estate, and that, although the destruction of a will by the testator is presumed to have been done animo revocandi, yet when it appears that the will was destroyed under a mistaken belief that another valid will had been executed, the revocation is not necessarily absolute, but may be deemed to have been made on condition that the later will was a valid one. This is the doctrine of dependent relative revocation. The revocation is dependent upon the assumption that another valid will has been made. *Townshend* v. *Howard,* 86 Maine, 285. The probate court allowed the 1911 will, as proved by copy, and this judgment was affirmed on appeal by the Supreme Court of Probate.

For reasons to be stated hereafter we think the appellant is not in position to press his exceptions. But a question of jurisdiction has been raised which must be noticed. For when the court is made aware in any manner that it is without jurisdiction the proceedings

must then stop. It has no power to award judgment. *Central Maine Power Co.* v. *M. C. R. R. Co.*, 113 Maine, 103. It is claimed in the appellant's brief that the probate court had jurisdiction to admit to probate a lost or destroyed will, proved by copy, only "upon proof of the continued existence of such lost will, *undestroyed* up to the time of the testator's death." It is true that the probate court, a statutory court, has only such jurisdiction as is conferred upon it by statute. And the Supreme Court of Probate has no more. But the probate court has jurisdiction to probate wills, and the statute gives it jurisdiction to admit lost or destroyed wills to probate when proved by copy. R. S. Chap. 66, Sect. 9. The limitaton of the power is not as expressed in the appellant's brief that probate may be granted only "upon proof of the continued existence of such lost will *undestroyed* up to the time of the testator's death," but "upon proof of the continued existence of such lost will *unrevoked* up to the time of the testator's death." The distinction is obvious. And the question is not so much one of jurisdiction as of proof. And even if it were the former it would not avail. The "continued existence of the will" does not mean its continued physical existence. A will may continue to exist though the paper it was written upon is destroyed. See *Rich* v. *Gilkey*, 73 Maine, 595. The opinion in the case just cited was not an opinion of the Law Court, but it has always been regarded as a correct exposition of the law. *Cousens* v. *Advent Church*, 93 Maine, 292. And whether the 1911 will continued legally "unrevoked" until Mrs. Nickel's death is the precise question which has been argued in this case.

But we have already indicated that the appellant can take nothing by his exceptions. Appeals in probate proceedings can be sustained only by persons "aggrieved." R. S. Chap. 65, Sect. 28. And the appellant is not in any legal sense aggrieved. He is one of the petitioners for the probate of this will. He still stands upon the record as a petitioner. And yet he appeals from the granting of the prayer of his own petition. Such a situation is entirely anomalous. He proposes, and in the same breath opposes. He is both proponent and defendant. His positions are incongruous. As a matter of procedure he cannot be a party of record on opposite sides of the same proposition. He cannot be actor and reus in the

same cause. See *Warren* v. *Stearns,* 19 Pick., 73, where the situation is called a "legal absurdity." 15 Ency. of Pl. & Pr., 481. As a proposition of law it is impossible to say that he has been aggrieved by the granting of his own petition. The cause of his change of attitude may fairly be inferred from the evidence. He was a beneficiary under both wills. At the time he signed the petition for the probate of this will he understood there were legally adopted daughters who would inherit the entire estate, if settled as an intestate estate. R. S. Chap. 69, Sect. 35. He afterwards learned that the "daughters" had never been legally adopted, so that, as Mrs. Nickels left no children, if the estate was settled as intestate he, a nephew and collateral heir, would inherit much more than his legacy amounted to. While he labored under the mistake of supposing that the so called adopted daughters would inherit under the statute, an oral agreement was entered into by or on behalf of nearly all the legal heirs and the legatees named in the wills, who were affected by the changes, that the 1911 will should be offered for probate by copy, and if allowed, that the ultimate distribution, as among themselves, should be in accordance with the imperfectly executed will of 1913. To this agreement this appellant was a party. And under such conditions he signed the petition for the probate of the 1911 will. The fact that he afterward discovered his mistake does not change the situation. He did not amend his position. When he learned that it was for his interest that the estate should be settled as intestate, he might properly have withdrawn from the petition, at least, before decree. But he did not do so. And he stands today of record as a proponent of the will which he is seeking to overthrow. The conclusion of law that he is not aggrieved is not to be waived by the adverse party. Under these conditions, we are compelled to hold that the appellant was not aggrieved by the decree of the probate court, within the meaning of the statute. And for this reason his exceptions must be overruled.

*Exceptions overruled.*
*Decree of probate court affirmed.*