## HENRY et al. v. FRASER et al.

Court of Appeals of District of Columbia.

Submitted October 1, 1928. Decided November 5, 1928.

No. 4754.

Wilton J. Lambert, R. H. Yeatman, and George D. Horning, Jr., all of Washington, D. C., for appellants.

James S. Fraser, Joseph W. Cox, Joseph T. Sherier, and George E. Sullivan, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a decree of the lower court, sitting as a probate court, denying probate to a certain paper writing which was propounded for probate as the last will and testament of Ella M. Drew, deceased.

The facts in the case appear in the record without substantial dispute. It appears that on January 10, 1924, Mrs. Drew undertook to make and execute a certain paper writing as her last will and testament. For this purpose she made use of two sheets of paper, partly printed and partly written, which she fastened together. The testamentary provisions, with the exception of a residuary clause, were all written upon the first sheet. The second sheet contained the residuary clause, the nomination of executors, the signature of the decedent, and the signatures and attestation of two witnesses. The residuary clause, which was partly in print, began upon the topmost line of the first page of the second sheet, and is as follows, to wit:

"All the rest and residue of my estate, both real, personal and mixed, I give, devise, and bequeath to my two nephews William and Ralph Henry share and share alike to them and their heirs and assigns forever, share and share alike, as tenants in common."

At a time subsequent to the execution of the foregoing instrument, Mrs. Drew undertook to alter it. Accordingly she separated the two sheets from one another, and totally discarded the first sheet, and in its place she substituted another and different sheet, which she fastened together with the original second sheet. The new first sheet contained many bequests written by the decedent, and also her name signed at the bottom of it. The contents of the second sheet were unchanged. But no acknowledgment of the instrument as thus altered was made by her; nor was it made known to the witnesses, nor attested by them. In so far as the record discloses, the first sheet of the original will was destroyed or lost, and its contents are unknown. After the death of the decedent the instrument as thus altered was found among her papers, and was propounded for probate in the lower court.

Upon these facts the lower court held as a matter of law that the instrument thus propounded was not entitled to probate as the last will and testament of the decedent, inasmuch as after its alteration it was not re-executed nor republished.

This ruling is correct, for the signature of decedent and the attestation of the witnesses, as written upon the last sheet of the original will, related to the entire will as then written, and do not support the instrument as afterwards altered. In Eschbach v. Collins, 61 Md. 478, 503 (48 Am. Rep.

634

123), Alvey, C. J., says: "Now, with respect to the competency of the testator to make revocation of a device by the simple erasure or obliteration of the name of the devisee, I can entertain no doubt whatever. * * * If the effect of such revocation is to enlarge the estate or interest of other devisees, or to raise new interests or rights under the will, then it is not simply a revocation, but a new devise, which can only be made by re-execution and republication of the will."

It is contended, however, by the propounders of the instrument, that at least the second sheet thereof should be admitted to probate. They contend that the latter sheet was a part of the original will, which was lawfully signed and attested; that it contains the residuary clause, disposing of all of decedent's estate not otherwise disposed of by the instrument; and that this clause was never revoked in accordance with section 1626, D. C. Code, to wit, by any other will or codicil in writing, or by burning, canceling, tearing, or obliterating the same by the testatrix, or by her direction or consent. It is accordingly argued that the residuary clause (as well as the appointment of executors) was not lawfully canceled or revoked by decedent, notwithstanding the cancellation or revocation of the bequests written upon the first sheet of the original instrument. The lower court rejected this contention and refused to submit an issue framed upon it to the jury. The court, however, took a formal verdict of the jury against the entire instrument.

■ We think this ruling was right; for the question was really one of law only, and the claim of the propounders was untenable. It is clear that the second sheet of the instrument was never intended by decedent to constitute her entire will, nor was it ever signed, asknowledged, or attested as such. It was never understood or intended by her to be "a complete and finished paper, executed and published animo testandi." The substitution by decedent of an entirely new sheet for the first sheet of the original instrument was not simply a revocation of the bequests written upon the original first sheet, but was a revocation of the entire former instrument including the second sheet thereof. This is manifest from the fact that the residuary clause was vitally related to and dependent upon the bequests written upon the first sheet of the instrument. Moreover, the decedent did not leave the second sheet unmodified while revoking the first sheet of the original will, but attached it to the substituted first

sheet of the altered will, whereby an entirely different effect was given to it. The second sheet, taken alone, possessed no validity as decedent's will, either before or after the alteration. See Leonard v. Leonard, 71 L. J. Rep. 117 (1902); Treloar v. Lean, 60 Law T. (1889) 512.

It may be noted that the doctrine of "dependent relative revocation" is not applicable to this case, since no attempt is made to probate the contents of the original instrument, if known, under authority of that doctrine. 28 R. C. L. 182; Safe Deposit & Trust Co. v. Thom, 117 Md. 154, 168, 83 A. 45; Varnon v. Varnon, 67 Mo. App. 536; Strong's Appeal, 79 Conn. 123, 63 A. 1089, 6 L. R. A. (N. S.) 1107, 118 Am. St. Rep. 138; Thompson's Appeal, 114 Me. 338, 96 A. 238.

The decree of the lower court is affirmed, with costs.