THE AMERICAN NATIONAL BANK OF CAMDEN, executor, &c.,
complainant-appellant,

*v.*

MARGARET S. MORGENWECK et al., defendants-respondents.

[Argued February 16th, 1935. Decided May 17th, 1935.]

*Mr. Elmer G. Van Name,* for the appellant.

*Mr. Joseph H. Carr* and *Mr. Henry M. Evans,* for the respondents.

PER CURIAM.

This appeal is from so much of the final decree as provides:

"And that as to the balance, if any, of the net revenue from decedent's real estate at 17 Broadway and 8 and 10 Hudson street, Camden, New Jersey, said net revenue being the

balance after deducting interest on mortgages and other expenses of said real estate, the same vested, upon the death of William E. Morgenweck, in William P. Morgenweck as the heir-at-law of William E. Morgenweck, subject only to the valid trusts for Margaret S. Morgenweck, William P. Morgenweck and the lawful wife of William P. Morgenweck, on the contingency above set forth.

"And that William P. Morgenweck is vested with and is entitled to receive from time to time as the same accrues, the surplus, if any, of the said net revenue on the real estate known as 17 Broadway and 8 and 10 Hudson street, Camden, New Jersey, not currently required for the satisfaction of said trust payments, less any and all proper charges and expenses of the said trust.

"And that during the continuance of said trust, the heirs, executors, administrators or assigns of William P. Morgenweck are vested with and shall be entitled to receive from time to time as the same accrues, the surplus, if any, of the said net revenue from the said real estate not currently required for the satisfaction of said trust payments, less any and all proper charges and expenses of the said trust."

The bill was filed by the complainant, acting as executor and trustee under the will of William E. Morgenweck, deceased, for construction of a will and two codicils thereto. A number of questions were raised and passed upon by the court of chancery, but none of these questions, excepting as stated above, are the subject of appeal, and we do not express any opinion thereon.

Upon the sole question submitted, and in view of the determination of other questions settled by the decree, which, as stated, are not appealed from, we conclude that so much of the decree as is appealed from should be affirmed.

The decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.