IN THE MATTER OF THE PETITION FOR REVIEW OF THE PRO-
BATE OF A PAPER WRITING PURPORTING TO BE THE LAST
WILL AND TESTAMENT OF ALLEN H. AINSCOW, DE-
CEASED.

*(December* 20, 1940.)

LAYTON, C. J., and TERRY, J., sitting.

*Ivan Culbertson* for the appellant petitioner.

*John J. Morris, Jr.,* and *Thomas H. Wingate* for the executors.

*William Poole* for the residuary legatees (*Malcolm B. Petrikin,* of the Delaware County, Pennsylvania, Bar, of counsel).

Superior Court for New Castle County, November Term, 1940.

LAYTON, Chief Justice:

This is an appeal from a decision of the Register of Wills for New Castle County confirming, on a petition for review, the probate of a paper writing purporting to be the last will and testament of Allen H. Ainscow, deceased.

Probate of the instrument was accomplished on July 6, 1938. Jennie M. Ainscow, the widow of the deceased, on May 25, 1939, filed a petition for a review of the probate alleging that after the will had been duly executed her husband had altered and changed it without the formality of re-execution in the presence of witnesses as required by law. On March 4, 1940, the Register, after hearing, entered an order ratifying and confirming the probate; and from this decision an appeal was taken.

It appeared from the record of the hearing that the proponents of the alleged will made the usual formal proof of execution, and offered no other or further testimony. The petitioner offered testimony tending to show that the sec-

ond page of the instrument had been typed about six months after the purported date of execution by a typist who had not prepared the original instrument.

The paper writing consisted of three typewritten pages. The first page contained the usual prefatory language and some of the testamentary dispositions, which were completed on the second page; and on this page appeared the date, signature, seal and a small part of the usual attestation clause. On the third page appeared the remainder of the attestation clause and the signatures of the two attesting witnesses. A second page easily could have been prepared, signed anew by the deceased, and substituted for the original second page; and, upon casual inspection at least, the will, as changed and altered by the substituted page, would appear to be the same instrument which had been signed and acknowledged before the testamentary witnesses.

The general appearance of the instrument called for some explanation. The first and third pages, in semblance, were distinctly different from the second page. The typing was dull and pale, as if done with a much used ribbon, while the typing of the second page appeared to have been done with a fresh ribbon for the print was dark and bold.

With respect to identification of the second page of the instrument there were certain inconsistencies in the testimony, and because of this and certain erroneous rulings of the Register on offers of testimony, the court, *sua sponte,* directed an issue *devisavit vel non* to be tried before a jury for the assistance and information of the court. *In re Gordon's Will,* 1 *W. W. Harr.* (31 *Del.*) 108, 111 *A.* 610; *In re Sharpley's Will,* 2 *W. W. Harr.* (32 *Del.*) 154, 120 *A.* 586.

At the trial of the issue testimony was offered by the appellant that, in April, 1938, some six months after the expressed date of execution, the deceased had a typist who had not written the original will rewrite the second page of the will with certain changes and alterations; and the second page of the instrument as probated was identified by the typist as her work. So convincing was the testimony, supported as it was by the physical appearance of the instrument itself, that the proponents accepted it as expressive of the truth. There was no evidence that the altered instrument had been re-executed in the presence of witnesses. The jury was discharged for its verdict is only for the enlightenment of the conscience of the court.

The instrument, as probated, was not the last will and testament of the deceased; but the proponents now invoke the doctrine of conditional, or dependent relative revocation.

This doctrine is one of presumed intention, based on the theory that all revocatory acts are essentially equivocal. The contention, of course, is that it clearly appears that the purpose of the deceased was substitution, not revocation; and as the substitution was not effective because of the decedent's failure to execute the instrument in its altered form, the original instrument is entitled to probate.

But, however soundly the doctrine of dependent relative revocation may be based, and whatever may be its limitations, it has no application here. The paper writing offered for probate before the Register of Wills and by him probated, and of which probate a review was sought, and upon confirmation of which probate this appeal was taken, was not the instrument that was signed and acknowledged by the testator as his last will and testament before the testamentary witnesses; and no attempt has

been made to probate the contents of the original instrument, if known, under the authority of the doctrine. *Henry, et al. v. Fraser, et al.,* 58 *App. D. C.* 260, 29 *F.* 2d 633, 62 *A. L. R.* 1364. The theory of the proponents before the probate court was that the instrument offered by them for probate was the same paper writing that had been signed and acknowledged by the deceased as his last will and testament before the subscribing witnesses on October 29, 1937. At the hearing on the petition for review every effort made by the petitioner to show that the instrument had been changed and altered by the substitution of a second page after the date of execution was resisted; and the proponents were successful in their efforts to have confirmed the probate of an instrument which, under the law, was not the decedent's will.

■■ The truth of the matter having been discovered, the theory now is that the original will is entitled to probate. That may be so, but this court is not a court of probate. Its jurisdiction in such matters is appellate only. *Const. Art. IV,* § 33. On this appeal we have no authority other than to determine whether the instrument as probated is, or is not, the decedent's last will and testament; and finding that it is not, we can only order the probate set aside. This court cannot usurp the constitutional functions of the Register of Wills by assuming, in the first instance, to pass upon the validity of a supposed last will and testament which has never been offered for probate.

The order of the Register of Wills is reversed with the direction that he revoke the probate and annul the letters testamentary issued pursuant thereto.