15416

CHARLESTON LIBRARY SOCIETY *ET AL.* v. CITIZENS & SOUTHERN NATIONAL BANK *ET AL.*

(20 S. E. (2d), 623)

September, 1941.

102

104

112

113

118

120

*Messrs. Hagood, Rivers & Young,* of Charleston, counsel for appellants,

122

*Messrs. Barnwell* and *Whaley, Mitchell* and *Horlbeck,* all of Charleston, counsel for respondents,

*Mr. H. L. Erckmann* of Charleston, was counsel for the defendant banks.

May 27, 1942.

The opinion of the Court was delivered by Circuit Judge E. H. HENDERSON, ACTING ASSOCIATE JUSTICE.

Miss Mary Jane Ross, a resident of the City of Charleston, died in the year 1922, leaving a will with several codicils. This action was brought for the purpose of having the Court construe the will, particularly the eight paragraph, the fourth article of the codicil of November 10, 1913, and the codicil of October 12, 1921, relating in large measure to the property at Numbers 1 and 3 Meeting Street.

A demurrer to the complaint by the defendants, Medical Society of South Carolina and Presbyterian Hospital in Philadelphia, was heard by Honorable L. D. Lide, the very

able Judge of the Twelfth Circuit, and the appeal is from his order overruling it.

The eighth paragraph of the will, which is dated June 1, 1892, and the fourth article of the codicil of 1913, made provisions in favor of the Charleston Library Society, in connection with the family homestead in Meeting Street. The codicil of 1921 revoked the provision for the Library, and at the same time and in lieu of it, provided for the establishment there of a public museum.

The trust for the museum failed to become effective, through the mistake of Miss Ross as to the quality of her art collection. Not being a charitable trust, it was invalid as being in violation of the rule against perpetuities. *Medical Society of South Carolina et al. v. South Carolina National Bank et al.*, 197 S. C., 96, 14 S. E. (2d), 577.

The appeal raises the very interesting question as to whether the codicil of 1921 amounts to an absolute revocation of the provisions for the Library, or whether it is a dependent relative revocation.

The terms of the applicable portions of the will are set forth in the order of Judge Lide.

Our object, of course, must be to ascertain the intention of the testatrix.

We think that in providing for the establishment of a museum, in the codicil of 1921, Miss Ross did not intend an absolute revocation of the provisions which she had previously made for the Library Society, but intended to make a substitution of one public charity of a cultural nature for another, the revocation being conditional upon the effectiveness of the provision for the museum. The revocation and the substitution were parts of one act. In our opinion the general scheme of the will shows that it was her intention that, as a memorial to her two deceased brothers, about one-fourth of the estate should be devoted to cultural or educational purposes, rather than that this fourth, upon the failure of the provisions for the museum,.

should pass under the residuary clause to the hospitals, to which she had given more than $875,000.00 in her will.

The codicil of 1921 shold be regarded as a dependent relative revocation, or conditional revocation. The substituted provision for the museum having failed, the original provision for the Library becomes restored to full force and effect, in so far as the demurrer is concerned. There are issues raised by the answer yet to be determined, and we of course are not passing upon them.

It would be difficult to add anything of value to the well-prepared decision of Judge Lide in which the English and American cases, and especially our own case of *Pringle v. McPherson's Ex'rs,* 4 S. C. L., 279, 2 Brev., 279, 3 Am. Dec., 713, are fully discussed and carefully analyzed. The circuit order will be reported.

The eleventh paragraph of the codicil of 1913 provides that if any devise or bequest made in the will "or in this codicil" should fail or lapse or prove to be void or for any reason ineffectual the property "intended to be disposed of by same shall fall into and become part of my residuary estate and be disposed of according to the residuary clause of my said will and under no circumstances shall it be taken or deemed that I have died intestate in respect thereto."

This, we think, can have no reference to the codicil of 1921, since the museum trust was not created until eight years afterward. Clause 11 was expressly limited to the devises and bequests contained in the will or in the codicil of 1913. The will and all of the codicils taken together constitute the testament, yet, as was said in the case of *Scaife v. Thomson,* 15 S. C., 337, at page 356, "while it is true that in a certain sense a will speaks at the death of the testator, yet, as it was well put in the argument of one of the counsel, it speaks then what was in the mind of the testator when his will was signed."

Clearly, in the year 1913, Miss Ross did not have the museum trust in mind.

In our opinion, also, the former decisions of this Court, in cases growing out of the will of Miss Ross, cases in which the present plaintiffs were not parties, have not decided the question here presented so as to preclude their rights. *Medical Society of South Carolina et al. v. South Carolina National Bank et al.,* 197 S. C., 96, 14 S. E. (2d), 577; *Medical Society of South Carolina et al. v. Huger et al.,* 185 S. C., 137, 193 S. E., 642.

For the reasons stated by the Circuit Judge the exceptions are overruled, and the order overruling the demurrer is affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES, and CIRCUIT JUDGE PHILIP H. STOLL, ACTING ASSOCIATE JUSTICE, concur.