## In re·NUTTING'S ESTATE.
### No. 69775.

United States District Court
District of Columbia,
Administration Division.
Feb. 28, 1949.

G. B. Craighill and Llewellyn C. Thomas, both of Washington, D. C., for Protestant Episcopal Cathedral Foundation of D. C. and Vestry of the Nativity and Resurrection Parish.

Joseph H. Batt, of Washington, D. C., for William Todd, executor.

Frank L. Dennis, of Washington, D. C., for William P. Linkins and others.

John U. Gardiner and Frank P. Leary, both of Washington, D. C., for Mamie L. Williams and others.

Joseph P. Bailey, of Washington, D. C., for Gertrude E. Stone and others.

LETTS, District Judge.

The testatrix, Lillian L. Nutting, died July 26, 1947. Three duly executed wills have been filed, dated respectively April 22, 1943, March 11, 1947, and July 14, 1947. All three gave two-sixths of the residue to the Washington Cathedral and one-sixth to the Church of the Nativity, Washing-

690

ton, D. C. (Episcopal). The last two, though differing in language and style, make the same gifts throughout. The earliest of the three differed only with respect to a few gifts to individuals.

The deposition of the executor explains the last will as follows: Testatrix desired to revoke one specific bequest of furniture. She asked the executor to have a codicil prepared. He consulted an attorney who drafted a codicil, but who also advised that the will of March 11, 1947, be rewritten in more conventional form, particularly because the residuary clause was followed by a list of specific bequests and was not the last dispositive clause of the will. This advice was reported to the testatrix and she instructed the executor to have a new will prepared, although she decided not to revoke the bequest of furniture. The attorney then had his partner draw the new will in conventional form and style, making the same disposition of the estate as the will of March 11, 1947. Testatrix executed this new will on July 14, 1947, twelve days before she died.

Among the papers of the testatrix were found two memorandums signed by her, each explaining that she had not left any of her estate to relatives not mentioned in her will because they were either "in reality strangers" to her or in no need of assistance from her. One statement was dated February 20, 1939, the other March 7, 1941, and reaffirmed April 24, 1943.

The signatures on all wills and on the two memorandums are proved by the deposition of the executor. The signatures on the first two wills are proved by affidavits of the attesting witnesses. Formal proof of the last will was taken by the Register of Wills.

Upon petition of the executor, the will dated July 14, 1947, was admitted to probate. Seven persons claiming as next of kin and heirs at law filed petitions asserting that the gifts to the Washington Cathedral and to the Church of the Nativity are invalid under D.C.Code 1940, § 19—202 and praying that the executor be instructed to distribute them as intestate property. The Protestant Episcopal Cathedral Foundation of the District of Columbia, a corporation which owns and op-

erates what is popularly known as the Washington Cathedral, and the Vestry of the Nativity and Resurrection Parish, a body corporate which owns and operates the Church of the Nativity, filed answers asserting (1) that the bequests were not within the terms of the statute and (2) that under the doctrine of dependent relative revocation, the identical provisions in the will of March 11, 1947, would prevail in any event.

In Henry v. Fraser, 58 App.D.C. 260, 29 F.2d 633, 62 A.L.R. 1364, it was held that the doctrine of dependent relative revocation required an effort to probate the previous will. Accordingly, the Cathedral Foundation and the Vestry filed petitions for probate of the will of March 11, 1947, in accordance with the doctrine, and because the will of July 14, 1947, had already been admitted to probate, these petitions included timely caveats to the revocation clause in the last will insofar as it affected their bequests.

Motions to dismiss these petitions were withdrawn. The executor filed an answer admitting the allegations of fact. Answers were filed on behalf of ten persons claiming as next of kin admitting the existence of the three wills but denying that the doctrine of dependent relative revocation applied.

A motion for summary judgment has been filed on behalf of six of those claiming as next of kin. The Cathedral Foundation and the Vestry have also filed a motion for summary judgment.

By D.C.Code 1940, § 19—202, it is provided that, "No devise or bequest of lands, or goods, or chattels to any minister, public teacher, or preacher of the gospel, as such, or to any religious sect, order, or denomination, or to or for the support, use, or benefit of or in trust for any minister, public teacher, or preacher of the gospel, as such, or any religious sect, order, or denomination, shall be valid unless the same shall be made at least one calendar month before the death of the testator."

This provision of law is derived from the Maryland Bill of Rights and is similar in purport to statutes in many states. It is generally held that such stat-

utes are to be strictly construed. The purpose of such statutes has been variously stated; to prevent improvident testamentary gifts to the exclusion of the testator's lawful heirs and next of kin when the testator is weak and in apprehension of death, or as sometimes stated, it is intended to prevent a testator, under the fears incident to death, from disposing of his estate to the prejudice of his descendants. In the general view a construction should be adopted which will prevent intestacy and not one which will render the will invalid. The California statute was passed to prevent improvident alienations or dispositions, by languishing or dying persons, to the disherison of their lawful heirs. In re Estate of Hinckley, 58 Cal. 457. As to the Ohio statute it has been held that its purpose is to prevent a testator, under the fears incident to impending death, from disposing of his estate to the prejudice of his descendants. Ruple v. Hiram College, 35 Ohio App. 8, 171 N.E. 417.

 It will be noted that in the instant case the gifts to the Cathedral and the Church of the Nativity were first declared in the will of April 22, 1943. The declaration of such gifts has recurred in each of the later wills. It is apparent that the testatrix formed the intention of making these gifts in 1943 and never intended to revoke them. These gifts were expressed in each of the wills in virtually identical language and form. It is the constant purpose of courts to ascertain the intention of a testator in making his will and it is the avowed purpose of courts to give effect thereto. This principle of law must be kept in mind in determining whether the limitation of the quoted statute shall control in deciding the issues of this case or whether a decision of the case requires an application of the doctrine of dependent relative revocation. Incident to this inquiry D.C.Code 1940, § 19—108 which relates to the revival of wills after revocation has no bearing for the reason that if the doctrine of dependent relative revocation is applicable to the facts of the case, such application is tantamount to saying that the will of July 14, 1947, did not in law revoke the will of March 11, 1947.

It was said in Re Estate of Kaufman, 25 Cal.2d 854, 155 P.2d 831, 833, that "Under the doctrine of dependent relative revocation, an earlier will, revoked only to give effect to a later one on the supposition that the later one will become effective, remains in effect to the extent that the latter proves ineffective. * * * The doctrine is designed to carry out the probable intention of the testator when there is no reason to suppose that he intended to revoke his earlier will if the later will became inoperative. * * *"

In that case the testator, who lived in New York, made his will on March 18, 1940, leaving his residuary estate to the Second Church of Christ, Scientist of New York. Upon moving to California he expressed a desire to change his executor. He was advised to do it by codicil but he preferred a new will. On April 30, 1941, he executed a new will with a provision "revoking all former wills". Except for minor details the wills were identical and the same church was named as residuary legatee. The testator died on May 2, 1941. A California statute, similar to the one here under consideration, invalidated the gift to the church as made within 30 days of death. The court upheld the bequest and ordered both wills admitted to probate by applying the doctrine of dependent relative revocation.

 The reasoning of the California case is adopted by this court in reaching its decision. The record makes clear the intention of the testatrix in executing a new will on July 14, 1947. She did not change her testamentary purpose but only sought to put her will in conventional form. It was identical with the will of March 11, 1947 in the disposition of her estate. It seems clear that she intended to revoke the will of March 11, 1947 only on condition that the will of July 14, 1947 was effective to carry out her testamentary purpose. Certainly she preferred the will of March 11, 1947 to intestacy as to a substantial part of her estate, one half of the residue. When a testator repeats the same dispositive plan in a new will, revocation of the old one by the new is deemed inseparably related to and dependent upon the legal effectiveness

692

of the new will. If the new will fails to give effect to the thrice declared purpose of the testatrix its revocatory clause must fail, for a testatrix who repeats her purpose intends to confirm and not revoke. It was not her intention to have the new will act as a revocation independently of its operation and effectiveness as a will.

It follows that the motion for summary judgment made by the next of kin must be overruled and that of the Washington Cathedral and the Church of the Nativity will be sustained.

Counsel for the Cathedral and the Church will present an appropriate order consistent herewith.