8 N.J. Super. 540 (1950)
73 A.2d 623
EDWARD P. THEBAUD, JR., PLAINTIFF,
v.
MORRISTOWN TRUST COMPANY, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided March 25, 1950.
Mr. Samuel Koestler (Messrs. Koestler & Koestler), attorneys for plaintiff.
Mr. J. Albert Homan (Mr. Maurice C. Gold), guardian ad litem for infants and persons not in being.
*541 Mr. Murray D. Welch, attorney for defendant Townsend Scudder.
Mr. Horace Jeffers (Messrs. Mills, Jeffers & Mountain), attorneys for defendant Morristown Trust Co.
Mr. John D. McMaster, attorney for defendant Paul L. Thebaud.
GRIMSHAW, J.S.C.
Plaintiff Edward P. Thebaud, Jr., and his two brothers, the defendant Paul L. Thebaud and Louis B. Thebaud, now deceased, were the children of Edward P. Thebaud and Louisa J. Thebaud, his wife, and grandsons of Edward V. Thebaud. Edward V. Thebaud died in 1900. Edward P. Thebaud died in 1928. Louis B. Thebaud died in 1938. All of the brothers married and their wives are still living. None of them had any children.
Each of the three brothers Edward, Paul and Louis had a one-third interest in the corpus of four trust estates subject to the life estate of Louisa J. Thebaud, who is still living. Two of the trusts were created by Edward V. Thebaud. One was created by Edward P. Thebaud and the fourth was created by a deed of trust executed by one Edmund D. Halsey, Jr. In each instance the instrument creating the trust contained a provision that should any of the remaindermen predecease the life tenant, without leaving issue, his share of the residue of the several trust funds would pass to the surviving remaindermen.
In 1936, Louisa J. Thebaud, the life tenant, through the president of the Morristown Trust Company sought to interest the three remaindermen in the execution of an agreement providing that after the death of Louisa J. Thebaud the various trust estates should remain in the trust during the lives of the remaindermen and their wives. It was suggested that the agreement should contain a provision that one-third of the income would be paid to each of the three brothers during his life and to his wife for her life, if she survived him. *542 And it was proposed further that upon the death of any remainderman and his wife, his share of the corpus would go to those persons named in his will or other instrument in writing.
The proposal had a mixed reception. Each brother was anxious to protect his wife, but they disagreed over provisions for the disposition of the corpus. Plaintiff wanted the corpus to remain in the Thebaud family. He suggested restrictions upon the use of income and proposed that upon the death of the last surviving remainderman and his wife, the entire principal of the trust estates should go to selected Thebaud heirs. Paul Thebaud, on the other hand, insisted that each remainderman should have the right to dispose of his share of the corpus by will.
After several months of negotiation, Edward, Paul and Louis Thebaud and their respective wives, executed an agreement on August 13, 1937. In brief the agreement provided that in the event of the death of any of the three brothers during the lifetime of Louisa J. Thebaud, his share of the corpus of the trust estates, upon the death of Louisa J. Thebaud, should be paid to those persons designated to receive it under his will. The agreement was drawn by Mr. Robert Burke of Morristown, who has since died.
Neither Edward P. Thebaud nor his brother Louis B. Thebaud was satisfied with the agreement. They continued to consult with Mr. Burke who finally, on September 13, 1937, forwarded to Edward, for his consideration the deed of trust in dispute. The instrument provides that plaintiff's share of the various trust estates is to be paid to the Morristown Trust Company, as trustee. The trustee is to pay the income from the trust to the plaintiff during his life and upon his death to his wife for her life or until she remarries. Upon the death of the survivor of plaintiff and his wife, or upon her remarriage, the trustee is directed to pay the principal of the trust to the heirs at law of Edward P. Thebaud, father of the plaintiff, as they shall exist at the date of plaintiff's death. An identical deed of trust was executed by Louis B. Thebaud.
*543 The deed of trust does not contain a reservation to the grantor of a power of revocation. Plaintiff alleges that this omission was the result of inadvertence and mistake. He says that he never intended to execute an irrevocable trust deed and thought that he was at liberty to change the agreement at any time. Plaintiff seeks a judgment declaring that the trust agreement is revocable.
In support of plaintiff's contentions an attempt was made to picture him as a bucolic innocent, unlearned in the ways of the world. He is, however, able to conduct a successful farm which requires the services of three farmers. And he is able to instruct his bank and his bankers as to the management of his investments.
Plaintiff testified that he was not consulted as to the form of the trust deed and that it was presented to him for signature without explanation or opportunity for study. He says that if he had understood the provisions of the trust instrument he would never have signed it.
The record does not support plaintiff's contentions. Before the agreement was drawn he consulted with his attorney and with his brother Louis. After the deed of trust was drawn it was forwarded to plaintiff in Pennsylvania several days before he executed it in Morristown. And finally the deed contains the provisions for which plaintiff had been contending during all the discussions with his brothers.
Whatever may be plaintiff's feelings now, I am satisfied that when he executed the trust deed, it expressed his intentions and conformed to his desires. The omission of the power of revocation was deliberate. The disputed instrument is a voluntary settlement, completely executed. And it cannot be annulled without the consent of the cestuis que trust. Cone v. Caldwell, 52 N.J.L. 215 (E. & A. 1889); Gulick v. Gulick, 39 N.J. Eq. 401 (Ch. 1885); affirmed, 39 N.J. Eq. 516; Hamilton Trust Company v. Bamford, 102 N.J. Eq. 455 (Ch. 1928); affirmed, 105 N.J. Eq. 249; Fidelity Union Trust Co. v. Parfner, 135 N.J. Eq. 133 (Ch. 1944).
Judgment for the defendants.