22 N.J. Super. 78 (1952)
91 A.2d 654
CENTRAL HANOVER BANK AND TRUST COMPANY AND DUNCAN S. ELLSWORTH, AS SUCCESSOR TRUSTEES OF THE TRUST UNDER CLAUSE TWENTY-FOURTH OF THE LAST WILL AND TESTAMENT OF ARCHIBALD A. HUTCHINSON, DECEASED, PLAINTIFFS,
v.
CHARLES HUTCHINSON, ET ALS., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided October 3, 1952.
*81 Messrs. Stryker, Tams & Horner, attorneys for plaintiffs.
Mr. John D. McMaster, attorney for defendants Charles Hutchinson and Warren S. Davidson.
Messrs. Wall, Walsh, Kelly & Whipple, attorneys for the defendants Central Hanover Bank and Trust Company and Duncan S. Ellsworth, as executors and trustees under the last will and testament of Archibald A. Hutchinson, Jr., deceased.
Messrs. Pitney, Hardin & Ward, attorneys for the defendant The President and Fellows of Harvard College.
Messrs. Lum, Fairlie & Foster, attorneys for the defendant Duncan S. Ellsworth, individually.
Messrs. O'Mara, Schumann, Davis & Lynch, attorneys for Frank Mori, guardian ad litem of the infant defendants Barbara Whipple, John J. Whipple, Jr., Ogden Whipple and David Whipple.
GRIMSHAW, J.S.C.
The plaintiffs Central Hanover Bank and Trust Company (now the Hanover Bank), and Duncan S. Ellsworth, as successor trustees under clause Twenty-fourth *82 of the last will and testament of Archibald A. Hutchinson, deceased, seek a construction of that clause and also a construction of clause Eighth of the will of Archibald A. Hutchinson, Jr. as the same is modified by the third and fourth codicils thereto.
Archibald A. Hutchinson, hereinafter referred to as Hutchinson, Sr., died January 19, 1922, leaving a will and codicil which were admitted to probate by the Surrogate of Bergen County on February 6, 1922. Victor K. McElheny, Jr., and Archibald A. Hutchinson, Jr., qualified as executors and trustees. McElheny died January 26, 1935, leaving Archibald A. Hutchinson, Jr., the son of the decedent, who is hereinafter referred to as Hutchinson, Jr., as sole surviving trustee. Upon the death of Hutchinson, Jr., the plaintiffs qualified as successor trustees under the will of Hutchinson, Sr.
The Twenty-fourth clause of Hutchinson, Sr.'s will is as follows:
"TWENTY-FOURTH: The other two one-quarter parts of my residuary estate (as defined in Clause TWENTY-THIRD) and any part of my estate which may fail to pass under the provisions of said Clause TWENTY-THIRD, I hereby give, devise and bequeath to my EXECUTORS, IN TRUST, for the following purposes, namely:"
Then, following provisions setting up a trust of a one-quarter share for the benefit of the testator's daughter Jane, the will proceeds as follows:
"If my said son ARCHIBALD survive me, as to the other of such two one-quarter parts, my EXECUTORS shall invest, reinvest and keep invested so much thereof as shall be personal property and collect the yield thereof, and receive the rents, issues and profits of so much thereof if any, as may be real property, until payment over of the principal as hereinafter directed, and after allowing for all lawful charges against income, shall pay the entire net income of said part to my son, ARCHIBALD, during his lifetime; and upon his death, the principal of said respective part shall be paid, and is hereby given, devised and bequeathed, to and among such one or more beneficiaries and in such amounts, absolutely or in trust, as my said son, ARCHIBALD, may duly direct by his last Will and Testament (whether executed by him after my death or during my lifetime), and in default of such testamentary direction or insofar as it shall *83 not extend or be effectual, to and among such of my said son's lawful issue, if any, as may be living upon my said son's death, per stirpes, absolutely; and in default also of such issue, said principal shall be added to the principal then being held in trust under the provisions of this Clause TWENTY-FOURTH for my daughter JANE, and if she, too, be no longer living at the time of my said son ARCHIBALD'S death, then the principle which had been held in trust during my said son's life shall pass to, and is hereby given, devised and bequeathed, to and among the lawful issue, if any, of my said daughter living at her said brother's death; per stirpes, absolutely.
If my said son ARCHIBALD do not survive me but leave issue me surviving, then the said one-quarter part is hereby given, devised and bequeathed, in equal portions, to and among his lawful issue, me surviving, per stirpes, absolutely.
If neither my said son ARCHIBALD nor any lawful issue of his, survive me, in such event said one-quarter part shall be added to the like one-quarter part hereinbefore bequeathed and devised to or for the benefit of my said daughter JANE or her lawful issue."
The fund over which Hutchinson, Jr. was given a power of appointment will be referred to hereafter as the Trust. Of the several gifts over of the principal of the Trust in default of an exercise of the power of appointment, the only one which could be effective is a gift to the issue per stirpes of the testator's daughter Jane, living at the time of the life tenant's death. The defendant Duncan S. Ellsworth is the only person who could take under this gift.
On December 14, 1945, Hutchinson, Jr., executed in duplicate an instrument clearly intended to be a partial release of the power of appointment given to him by his father's will. The release and the certificate of acknowledgment attached thereto are as follows:
"KNOW ALL MEN BY THESE PRESENTS, That
WHEREAS the Last Will and Testament of my father, ARCHIBALD A. HUTCHINSON, which was executed on August 15th, 1919, and, together with a certain Codicil, executed November 1st, 1920, was admitted to probate by the Surrogate's Court of the County of Bergen, State of New Jersey, on February 6th, 1922, grants to me power to dispose of the principal of a Trust created in Clause TWENTY-FOURTH of that Will among such one or more beneficiaries and in such amounts, absolutely or in trust, as I may duly direct by my own Last Will and Testament;
*84 NOW, THEREFORE, I, the undersigned, ARCHIBALD A. HUTCHINSON, also known as ARCHIBALD A. HUTCHINSON. JR. and A.A. HUTCHINSON, bachelor, of and now residing at No. 334 Linden Avenue, City of Englewood, County of Bergen, State of New Jersey, DO HEREBY
RELEASE, RENOUNCE and WAIVE the right to exercise said power of appointment insofar and to the extent that it empowers me to dispose of the said property, or any part thereof, to or among any persons (including institutions) who are not within the following classes, to wit: 
(1) Descendants (other than myself) of my deceased father ARCHIBALD A. HUTCHINSON the creator of the power;
(2) The respective spouses (including my own, if any) of any such descendants of my deceased father ARCHIBALD A. HUTCHINSON;
(3) Descendants of mine, if any, or of my spouse, if any; and
(4) Donees described in Sections 812 (d) and 861 (2) (3) of the Internal Revenue Code of the United States;
It being the purpose and intent of the undersigned by this instrument to release the said power of appointment, with respect to the whole and every part of the property subject to said power, in such manner as to limit the persons (including institutions) in whose favor such power would otherwise have been exercisable to those included within the classes described in the foregoing subdivisions designated `(1)', `(2)', `(3)' and `(4).'
IN WITNESS WHEREOF, I have hereunto set my hand and seal this 14th day of December 1945.
 ARCHIBALD A. HUTCHINSON (L.S.)
 also known as
 ARCHIBALD A. HUTCHINSON, JR.
 and
 A.A. HUTCHINSON
 STATE OF NEW YORK, |
 > ss.:
 COUNTY OF NEW YORK, |
On this 14th day of December 1945, before me personally came ARCHIBALD A. HUTCHINSON, also known as ARCHIBALD A. HUTCHINSON, JR. and A.A. HUTCHINSON, to me known and known to me to be the person described in and who executed the foregoing instrument, and he duly acknowledged to me that he executed the same.
 ROSE ROSENBERG
 Rose Rosenberg
 Notary Public, Bronx County
 Bronx Co. Clk's No. 71, Reg. No. 53R7
 N.Y. Co. Clk's No. 760, Reg. No. 221R7
 (Notarial seal) Commission expires March 31, 1947"
*85 One copy of the release was retained by Hutchinson, Jr., in his capacity as trustee. The other copy he filed with his attorney. After the death of Hutchinson, Jr., his copy of the release was found among his papers. Following the filing of the complaint in this cause, the release, by order of this court, was recorded in the office of the Surrogate of Bergen County.
On December 17, 1945 Hutchinson, Jr., executed his last will and testament. In the Eighth clause of that will, after reciting the power of appointment and the partial release of the power, Hutchinson, Jr., gave the Trust to his executors and trustees, to hold the same and pay the income arising therefrom to Charles Hutchinson, his nephew, for life, with remainder both of interest and principal, to the issue of Charles Hutchinson living at the time of his death, in equal shares per stirpes. In default of any lawful issue surviving Charles Hutchinson, the corpus of the estate was given to the Metropolitan Museum of Art.
In the Fourth clause of the third codicil to his will, Hutchinson, Jr., directed that the amount of the trust to be held for the benefit of Charles Hutchinson should be reduced to $200,000, with any balance in excess of that sum being added to his residuary estate to pass in accordance with the provisions of clause Eleventh of his will. By the fourth codicil Hutchinson, Jr., further altered clause Eighth by directing that in default of lawful issue of Charles Hutchinson surviving him, the corpus of the trust, of which Charles Hutchinson was the life tenant, should be added to the residuary estate of Hutchinson, Jr., and pass as provided in clause Eleventh of his will.
Clause Eleventh of the will of Hutchinson, Jr., after providing for several annuities and life estates, directed that the residuary estate should go to the Metropolitan Museum of Art. By the fourth codicil the President and Fellows of Harvard College (referred to in the will as Harvard University) were substituted for the Metropolitan Museum of Art as the ultimate beneficiary.
*86 The annuitants and life tenants of the Trust created by clause Eleventh of the will of Hutchinson, Jr., as modified by the codicils, all of whom were named as defendants, have not appeared and answered the complaint and their default has been entered upon the record.
The children of John J. Whipple, deceased, mentioned in clause Fourth of the third codicil, are all minors. They have answered through their guardian ad litem. He has reported to the court that after an investigation of the assets constituting the property subject to the power of appointment and the other assets constituting the residuary estate of Hutchinson, Jr., he is satisfied that the assets constituting such residuary estate, not including the trust, are more than adequate to satisfy the interests of the infant defendants. Therefore, the guardian states that they have no substantial interest in the Trust.
The first matter presented for determination is the validity of the instrument of December 14, 1945, as an effective restriction upon the right of Hutchinson, Jr. to exercise the power of appointment given to him under the Twenty-fourth clause of his father's will. All of the answering defendants maintain that the release is valid. The plaintiffs, however, suggest doubt as to the effectiveness of the release in view of the provisions of section 5 of the statute dealing with releases of power of appointment, N.J.S.A. 46:2A-5. In brief, the statute authorizes a person possessed of a power, to release the power in full or in part by deed, covenant or contract. The statute then proceeds:
"Such deed, covenant or contract, where the power has been or shall be created by:
(a) a last will and testament, shall be acknowledged in the same manner as conveyances of land, and shall be recorded in the office of the surrogate of the county in which such last will and testament was admitted to probate, or in the office of the register of the prerogative court, if such will was admitted to probate before the ordinary or a vice-ordinary. Said deed, covenant or contract, or a copy thereof, shall be filed with the fiduciary or fiduciaries under said will, if such there be; * * *."
*87 The release in question was executed in the State of New York and has attached to it the form of acknowledgment customarily used in that jurisdiction. The certificate fails to state that the contents of the document were made known to Hutchinson, Jr. Under the statute as it existed at the time of the execution of the release, that omission would have rendered the acknowledgment defective and the document could not have been recorded. However, before the release was offered for record the statute R.S. 46:14-6 was amended. It is now no longer required that the contents of a document be made known to the person executing it. As a result, the release was accepted for record. But even if the amendment to the statute had not been passed, the release would still have been good, so far as the parties to this proceeding are concerned. Holloway v. Hendrick, 98 N.J. Eq. 713 (E. & A. 1925).
Apart from the statute, the release was entirely adequate to accomplish the purpose for which it was intended. The power of appointment given to Hutchinson, Jr., by his father's will was general. Hutchinson, Jr.'s right to appoint the trust estate was unrestricted. His father had relinquished all dominion over the property and placed it for all practical purposes as completely within the control of Hutchinson, Jr., as though he had been given a fee. Such a power may, at the option of the donee, be released entirely or restricted in its scope. Marx v. Rice, 1 N.J. 574 (1949); Brown v. Fidelity Union Trust Co., 126 N.J. Eq. 406 (Ch. 1939).
No particular form of release is required. So long as the intention to release is adequately expressed and the instrument is properly executed and delivered, it is valid. It is perfectly clear that at the time of the execution of the release, Hutchinson, Jr., desired his estate to receive the advantage of the favorable tax provisions of the Internal Revenue Code, 26 U.S.C.A., sec. 812 (d) and 861 (a) (3). With that purpose in mind he restricted his right to appoint to those near relatives and charities prescribed by the Code. By failing to include a power of revocation he put it beyond *88 his power to change that release at a later date. The situation is analogous to a voluntary trust, which, when fully executed, cannot be modified or revoked by the action of the one who executed it in the absence of a power of revocation. Thebaud v. Morristown Trust Co., 8 N.J. Super. 540 (Ch. Div. 1950); Hamilton Trust Co. of Paterson v. Bamford, 102 N.J. Eq. 454 (Ch. 1928), affirmed 105 N.J. Eq. 249 (E. & A. 1929).
I am of the opinion that the release of December 14, 1945 was a valid restriction upon the power of Hutchinson, Jr., to appoint the trust estate. That restriction he was thereafter powerless to revoke.
None of the annuitants or life tenants mentioned in the Eleventh clause of the will of Hutchinson, Jr., are within the restricted class to which Hutchinson, Jr., limited his power of appointment. Therefore, none of those persons may take any part of the trust. Duncan Ellsworth may take only if there was a failure of appointment in whole or in part.
We come then to a consideration of the respective interests of Charles Hutchinson and Harvard. And in approaching that problem it is necessary to keep in mind the admonition that the court must seek to ascertain the intention of the testator as expressed in the will and, when that intention is established, give effect to it so far as the objects sought to be accomplished are legal.
Charles Hutchinson died, unmarried and without issue, on October 27, 1951. Therefore, the only question so far as his interest is concerned, is the amount of income to which his estate is entitled for the period between the death of Hutchinson, Jr., and Charles Hutchinson. On behalf of Charles Hutchinson it is claimed that his estate is entitled to the income from the entire trust. On behalf of the other parties it is insisted that the estate of Charles Hutchinson is entitled only to the income from $200,000.
The Eighth clause of the will of Hutchinson, Jr., directed the trustees to pay the entire income from the trust to Charles Hutchinson for life. In the Fourth clause of the *89 third codicil the testator expressed his desire, to "Modify and Alter the exercise of such power." He then gave to the trustees so much of the principal of the trust as should equal $200,000, from which Charles Hutchinson was to receive the income, as provided in clause Eighth of the will. The balance of the trust was added to the residuary estate.
The representative of the estate of Charles Hutchinson insists that the provision of the Fourth clause of the third codicil, which added to the residuary estate the balance of the trust in excess of $200,000, was an attempt to appoint a portion of the trust to ineligible takers and hence was void. And it was further argued that since the codicil contained no words of revocation, clause Eighth of the will remained effective and the estate of Charles Hutchinson is entitled to the entire income. The contention is unsound. The provisions of the codicil are inconsistent with those of clause Eighth of the will. It is the rule in this State that where the provisions of a codicil are in conflict with provisions of the will, the will, to the extent of the inconsistency, is revoked and its conflicting provisions are non-existent. And they remain revoked even though the codicil thereafter may be declared invalid. McGill v. Trust Co. of New Jersey, 94 N.J. Eq. 657 (Ch. 1923), affirmed 96 N.J. Eq. 331 (E. & A. 1924); American National Bank of Camden v. Morgenweck, 114 N.J. Eq. 286 (Ch. 1933), affirmed 118 N.J. Eq. 269 (E. & A. 1935). It is plain from a reading of the will and codicil that the testator intended to limit the participation of Charles Hutchinson to the income from $200,000. And that intent must prevail regardless of the effectiveness of the gift over.
Ellsworth agrees with the contention of Harvard that the interest of the Charles Hutchinson estate is limited to the income from $200,000 of the corpus of the trust. He contends, however, that clause Fourth of the third codicil is an invalid attempt to exercise the power of appointment and is void. The argument is that the provisions of the codicil adding the corpus of the trust to the residuary estate was, *90 in effect, an appointment by Hutchinson, Jr., to himself. Such an action would be invalid and would result in a failure of appointment. And, there being a failure of appointment, Duncan Ellsworth, under the provisions of the will of Hutchinson, Sr., would take as the sole surviving issue of the testator's daughter Jane.
With these contentions I cannot agree. Nowhere in the will or codicils is there any indication that Hutchinson, Jr. intended that any portion of the trust should become a part of his general estate. On the contrary, those documents clearly indicate his intention that Harvard was to receive the corpus of the trust in excess of the $200,000 set apart for Charles Hutchinson, with its enjoyment of the bequest postponed until the termination of the several life estates and annuities set up in the Eleventh clause of the will as modified by the Third and Fourth codicils. Additionally, Harvard was to receive the corpus of the fund set apart for Charles Hutchinson, in the event of his death without issue surviving, with its enjoyment of that portion of the trust also postponed until the termination of the life estates and annuities.
Charles Hutchinson and Harvard are within the class to which Hutchinson, Jr., restricted his power of appointment. The life tenants and annuitants not being within that class, the attempted gift to them of an interest in the Trust was ineffective. That fact, however, does not vitiate the gift of the remainder of the Trust. Harvard has a vested interest in the entire corpus of the Trust. Its enjoyment of that interest was to be postponed until the termination of the intervening estates. Charles Hutchinson's interest ended at his death without surviving issue. The life tenants and annuitants cannot take. Thus, since the prior estates have been eliminated, the gift of the remainder becomes accelerated and Harvard is entitled to receive the corpus of the trust. Ajax Electrothermic Corp. v. First National Bank of Princeton, 7 N.J. 82 (1951); Beideman v. Sparks, 61 N.J. *91 Eq. 226 (Ch. 1900), affirmed 64 N.J. Eq. 374 (E. & A. 1901).
The plaintiffs are instructed to pay to the estate of Charles Hutchinson the income arising from the fund of $200,000 provided for by the third codicil of the will of Hutchinson, Jr., from the date of his death to the date of the death of Charles Hutchinson. The corpus of the Trust with any accumulated income should be paid to Harvard for the uses expressed in the will of Hutchinson, Jr.