CHARLES H. RUTH, JR., Executor of the Last Will and Testament of JOHN H. STIRLITH, deceased,
Plaintiff,

*vs.*

MARIE S. RUTH, CHARLES H. RUTH, JR., Individually and as Trustee under the Last Will and Testament of JOHN H. STIRLITH, deceased, CARLOS H. RUTH, JUAN TOMAS RUTH, ANNIE S. BOOTH, WILLARD JEFFERIS, MARTHA ELLEN JEFFERIS, ELEANOR J. BACHMAN, ANN-MARIE C. LALLY, EDWARD W. LALLY, JR., JAMES ROBERT LALLY, EDNA C. VADDEN, EDWARD P. VADDEN, JR., THOMAS G. VADDEN, JOSEPH VADDEN, KATHLEEN VADDEN, ALEXANDER D. STIRLITH, JAMES ALBERT STIRLITH, FRANCIS STIRLITH and ALBERT STIRLITH,
Defendants.

*New Castle, June 8, 1956.*

*William A. Worth, Jr.,* Wilmington, for plaintiff.

*Henry R. Horsey,* Wilmington, guardian *ad litem* for minor defendants.

MARVEL, Vice Chancellor: John H. Stirlith died on November 15, 1953, having made a will in 1952 and a codicil in 1953 which documents were duly admitted to probate before the Register of Wills in this County. Letters testamentary were granted to the plaintiff, Charles H. Ruth, Jr., who as executor brings this suit for instructions naming as defendants those including himself who have a present or contingent interest in property to be held in trust under the terms of the will and codicil. Plaintiff also names himself a defendant in his capacity as sole trustee, Equitable Security Trust Company, the other designated trustee, having declined to serve as such.

Item IV(1) of the Stirlith will directs the trustees to pay over the entire annual net income of the trust to be created to named primary beneficiaries as follows: one-third to a daughter, Marie S. Ruth, one-third to a daughter, Annie S. Booth, and one-third to the children of a deceased daughter. The will provides that in the event that any of the primary beneficiaries of the trust should die during its term (which the will fixed at fifteen years) the trustees were to pay per stirpes the share of one so dying to her children or grandchildren then living with gifts over to the other primary beneficiaries or their issue in the absence of such children or grandchildren. Paragraph IV(2) of the will provides that upon termination of the trust the principal shall be distributed to those then entitled to the income of the trust. The codicil did not change the testator's distributive plan. It merely purported to extend the term of the trust from fifteen to thirty-five years and specifically ratified and confirmed the will "in every other respect". It is conceded that the trust, as so extended, violates the rule against perpetuities. The question thus presented is whether the entire trust must be declared invalid because of the attempt by codicil unduly to extend its term.

Plaintiff contends that the trust must fail because the class distributive provisions of the testator's testamentary plan (reading the will and codicil together) violate the rule against perpetuities. The

guardian *ad litem* of the minor defendants who stand to benefit if the trust is upheld for its original term takes the position that because the testator did not basically revise his testamentary plan by codicil, such invalid document may be ignored. He contends that the trust is valid for its original term under the doctrine of [1] dependent relative revocation, a doctrine recognized in Delaware, *In re Ainscow's Purported Will,* 2 *Terry* 148, 17 *A.2d* 227.

 Ordinarily a will is revoked in whole or in part by a subsequent will or codicil which either contains an express clause to such effect or which so disposes of property that an earlier testamentary gift must give way. The question here is not so simple. It is whether the testator having failed legally to revise his will by codicil, it can be judicially inferred that he intended that in such event the portion of his original will which he had sought to alter should govern disposal of his estate.

In the case of *In re Bernard's Settlement,* [1916], 1 *Ch.* 552, a testatrix by codicil had revoked a former absolute appointment to one of her daughters and placed such property in trust for the daughter's benefit. She did this, however, as the court expressed it, not with the intention of taking away anything but solely for the purpose of insuring that such gift should be more effectively preserved. The court ruled that the trust set up by codicil violated the rule against perpetuities but that the revocation of the prior gift was not absolute but only for the limited purpose of the altered appointment. The court held that the appointment having failed the prior gift should stand even though the codicil provided for a gift over after the daughter's death. See also, *Ward v. Van der Loef,* [1924] *A.C.* 653; *Charleston Library Society v. Citizens & Southern National Bank,* 200 *S.C.* 96, 20 *S.E.2d* 623, and *Annotation in* 28 *A.L.R.2d* 526, at page 547 *et seq.*

 On the other hand where a codicil or later will provides for a substantially different disposal of property and such later testamentary

1. Professor Joseph Warren of Harvard Law School preferred to call this doctrine revocation by mistake or misapprehension, 33 *Harvard Law Review* 337 at 355.

document is legally inadequate, it would be a perversion of the rule of dependent relative revocation to reinstate the earlier revoked will. Thus in *McGill v. Trust Co. of N. J.,* 94 *N.J.Eq.* 657, 121 *A.* 760, a codicil set up a plan of general distribution of property which differed drastically with that of the will. The court ruled that the codicil was not a mere amendment to the will but a complete substitute therefor and that on failure of the codicil the will could not be reinstated. See also *American National Bank of Camden v. Morgenweck,* 114 *N.J.Eq.* 286, 168 *A.* 598, affirmed 118 *N.J.Eq.* 269, 178 *A.* 727.

The doctrine of dependent relative revocation should be applied where it serves to carry out the intention of the testator. In the case at bar the wording of the will and codicil discloses a clear intention to benefit children and their lineal descendants. The attempted extension of the term of the trust, had it been effective, would not have altered the testator's basic testamentary scheme. To decline to permit the trust to be created as originally planned would lead to intestacy as to the bulk of the testator's estate. Here the intention of the testator is clear and the trust is held to be valid for the term established in the will.

Order on notice.